[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12228
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00375-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LERIN M. JOINER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 28, 2014)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Lerin Joiner appeals his sentence of 18 months of imprisonment and 18 months of supervised release, following the third revocation of his supervised release.  See 18 U.S.C. § 3583(e).  Joiner argues that his sentence is unreasonable.  We affirm.

The district court did not abuse its discretion.  Joiner admitted that he violated the conditions of his supervised release a third time by forging two checks that he had stolen from his mother's business; failing to comply with conditions governing his residence, employment, drug screening, and drug counseling; and traveling out of state without permission from his probation officer.  Joiner failed to improve his conduct despite having served a sentence of 70 months of imprisonment for drug and firearm offenses, see 21 U.S.C. § 841(b)(1)(B); 18 U.S.C. §§ 922(g)(1), 922(j), 922(k); having his four-year term of supervised release revoked and being sentenced to an additional five months of imprisonment followed by 19 months of supervised release after testing positive for marijuana and failing to participate in a substance abuse program; and having that second term of supervised release revoked and being sentenced to another 19 months of supervised release after missing counseling sessions, refusing to undergo drug testing, and submitting synthetic urine when he did submit to a drug test.  The district court determined that Joiner's "consistently not good record and . . . pattern" of misconduct supported its decision to vary four months above Joiner's

advisory guideline range of 8 to 14 months of imprisonment and impose a sentence of 24 months of imprisonment.  Even so, the district court reduced Joiner's sentence by six months to account for the time he had served in state custody for his forgery offense.  The district court found "really significant" Joiner's forgery and his lengthy criminal history and thought that "some additional jail time [was] necessary" to convince him that "jail is not a good thing," see 18 U.S.C. §§ 3583(c), 3553(a), and those concerns are sufficiently compelling to support the degree of the upward variance.  See United States v. Tome, 611 F.3d 1371, 1378–79 (11th Cir. 2010).  Joiner argues that his sentence fails to account for his acceptance of responsibility and his assurances that his behavior will improve, but the district court was entitled to find that "there [had been] nothing . . . to [suggest] . . . [he] [had] changed."  Joiner's sentence is reasonable.

We **AFFIRM** the revocation of Joiner's supervised release and his sentence.